UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AKO K. BURRELL,

        Plaintiff,

    -v-                       9:22-CV-1156

REGINALD BISHOP, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

AKO K. BURRELL
Plaintiff, *Pro Se*
17-B-2994
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. LETITIA A. JAMES        NOAH C. ENGELHART, ESQ.
Attorney General of the         STACEY A. HAMILTON, ESQ.
   State of New York
The Capitol
Albany, New York 12224-0341

DAVID N. HURD
United States District Judge

**ORDER ON REPORT & RECOMMENDATION**

On November 7, 2022, plaintiff Ako K. Burrell ("plaintiff"), acting *pro se*,

commenced an action against defendants Baynes, Reginald Bishop,

Blackburn, Boyer, J. Bullock, Cary, Chontosh, Conto, Cook, Denney, John Doe #1, Correctional Officer, John Doe #2, Correctional Officer, Dtullio, Dumas, D. Dumas, Fluenry, Marybeth Giller, Hana, Harrigan, Hart, Hastings, Healy, Hill, Lashway, Lewis, Locke, A. Martin, Correctional Officer, E. Martin, Correctional Officer, McGregor, Merrick, Mitchell, Correctional Officer, Murry, Phillips, Sergeant Plonka, Rieff, Santos, Sturgen, and Vesenske (collectively "defendants"), pursuant to 42 U.S.C. § 1983 ("§ 1983"), for excessive force and deprivation of his constitutional rights in September and October 2022 while he was confined at Upstate Correctional Facility. Dkt. No. 1. Plaintiff also sought to proceed *in forma pauperis* ("IFP Application"), which was granted. Dkt. Nos. 3–4.

On December 5, 2022, this Court granted plaintiff's IFP Application and reviewed the sufficiency of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 4. Upon review, this Court dismissed plaintiff's: (1) § 1983 claims for monetary damages against defendants in their official capacity with prejudice; (2) Eighth Amendment medical indifference claim without prejudice; (3) Eighth Amendment condition of confinement claims without prejudice; (4) First Amendment retaliation claims related to suicide watches, medical treatment, and claims against defendant Rieff without prejudice; (5) First Amendment access to court claims without prejudice; and (6) claims against defendants Bishop, Baynes, Hana, Harrigan, Boyer,

Denney, and Doe #2 without prejudice. *Id*. This Court also determined that plaintiff's: (1) Eighth Amendment excessive force and failure to intervene claims against defendants Chantosh, Bullock, Plonka, McGregor, A. Martin, Mitchell, Cary, Locke, Hill, Merrick, Blackburn, E. Martin, Healy, Conto, Doe #1, Dtullio, and Vesenke; and (2) First Amendment retaliation claims against Defendants Dumas, Plonka, Bullock, McGregor, Chantosh, A. Martin, Mitchell, Cary, Merrick, Hill, Locke, Blackburn, Giller, and Santos survived *sua sponte* review and required a response. *Id*. Next, the Court dismissed Defendants Bishop, Baynes, Hana, Harrigan, Boyer, Denney, Sturgen, Murry, Fleunry, Lewis, Lashway, Hart, Hastings, Cook, Rieff, Doe #2, and Philips from this action. *Id*. The Court advised plaintiff to take reasonable steps through discovery to ascertain the identity of defendant Doe #1 and that failure to timely serve Defendant Doe #1 would result in dismissal of the claims asserted against him and termination of Defendant Doe # 1 from the action.

On June 12, 2023, defendants answered the complaint. Dkt. No. 40. The following day, the Court issued a Mandatory Pretrial Discovery and Scheduling Order that was served upon plaintiff by regular mail. Dkt. No. 43.

On December 27, 2024, defendants moved to dismiss plaintiff's surviving claims for failure to prosecute and failure to obey a discovery order pursuant

to Federal Rules of Civil Procedure ("Rules") 41 and 37, respectively.  Dkt. No. 107.  Plaintiff has opposed.  Dkt. No. 109.  On July 14, 2025, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that (1) defendants' failure to prosecute motion be granted for plaintiff's failure to advice his case, communicate with defendants, cooperate in moving his case forward, and usurped the Court's resources with his conduct; (2) plaintiff has failed to Comply with this Court's orders or the Scheduling Order; and (3) plaintiff's complaint shall be dismissed with prejudice.  Dkt. No. 119; *see also* Dkt. Nos. 43, 97.  Plaintiff has not filed any objections and the deadline to do so has passed.  *See* Dkt. No. 119.

Upon review for clear error, Judge Katz's R&R is accepted and will be adopted in all respects.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 119) is ACCEPTED and ADOPTED in all respects;

2. Defendants' motion to dismiss for plaintiff's failure to prosecute and failure to obey a discovery order (Dkt. No. 107) is GRANTED;

3. Plaintiff's complaint is DISMISSED with prejudice.

4. The Clerk is directed serve a copy of this Order on plaintiff by regular mail.

The Clerk is further directed to terminate the pending motions (Dkt. Nos. 107, 119) and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: August 11, 2025
       Utica, New York.